UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMOT THONGVILAY,<br><br>                Petitioner,<br><br>    v.<br><br>FIELD OFFICE DIRECTOR, SAN FRANCISCO FIELD OFFICE, *et al.*,<br><br>                Respondents. | Case No. 1:23-cv-01605-CDB (HC)<br><br>ORDER TRANSFERRING CASE TO THE NORTHERN DISTRICT OF CALIFORNIA<br><br>(Doc. 1) |

       Petitioner Pamot Thongvilay ("Petitioner") is a noncitizen detained by co-Respondent Immigration and Customs Enforcement (ICE) at the Mesa Verde Detention Center, Bakersfield, California, proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner challenges his continued detention by ICE in the light of an immigration judge's order on July 12, 2023, to remove Petitioner from the United States. *Id*.

      Petitioner filed his petition on November 6, 2023, in the Northern District of California. On November 9, 2023, the assigned magistrate judge in that District ordered the case transferred to the Eastern District of California. (Doc. 2). The magistrate judge found that, because Petitioner is housed in a facility located in the Eastern District of California, "jurisdiction/venue … lies only in the Eastern District of California." *Id.* (citing *Rumsfeld v. Padilla*, 542 U.S. 426 (2004) and *Lopez-Marroquin v. Barr*, 955 F.3d 759 (9th Cir. 2020)).

1

However, in the immigration context, judges within the Northern District of California recognize an exception to the "bright-line rule" (*Rumsfeld*, 542 U.S. at 449-50) that habeas jurisdiction lies in the district of confinement.  Specifically, where a petitioner challenging his immigration detention is held in federal detention in a non-federal facility pursuant to a contract, he "should sue the federal official most directly responsible for overseeing that contract facility when seeking a habeas writ."  *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1185 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018).  Numerous cases in the Northern District of California hold that the Field Office Director (FOD) of the San Francisco Field Office (a co-Respondent here) is the proper respondent in Section 2241 habeas petitions filed by noncitizens detained in facilities located in the Eastern District of California – including the facility where Petitioner here is housed.  *See Salesh P. v. Kaiser*, No. 22-cv-03018-DMR, 2022 WL 17082375, at *5 (N.D. Cal. Nov. 18, 2022) (collecting cases); *Henriquez v. Garland*, No. 5:22-cv-00869-EJD, 2022 WL 2132919, at *3 (N.D. Cal. June 14, 2022) (noting that Mesa Verde is a private facility that falls within the area of responsibility of the FOD, San Francisco, and as such, that jurisdiction is proper in the Northern District of California).

Because Petitioner desired to seek relief in the Northern District of California and because courts in that District hold jurisdiction and venue is proper there for immigration detainees asserting similar claims under similar circumstances as Petitioner, the undersigned concludes that the action should be returned to the Northern District of California.

Accordingly, the Clerk of the Court is DIRECTED to transfer this case to the United States District Court for the Northern District of California.[1]

IT IS SO ORDERED.

Dated: __**November 16, 2023**__

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] "Because a transfer of venue does not address the merits of the parties' claims, but simply changes the forum of an action, courts routinely find that it is a non-dispositive matters that is within a magistrate judge's authority to order without the approval of a district judge."  *Boswell v. Foss*, No. 20-cv-3469-JAK-PVC, 2020 WL 8619785, at *1 n.1 (C.D. Cal. Apr. 17, 2020) (collecting cases).