United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMOT THONGVILAY,<br><br>    Petitioner,<br><br>    v.<br><br>FIELD OFFICE DIRECTOR, SAN FRANCISCO FIELD OFFICE, et al.,<br><br>    Respondents. | Case No. 23-cv-05724-TLT<br><br>**ORDER TO SHOW CAUSE** |

**INTRODUCTION**

Petitioner has filed a petition under 28 U.S.C. § 2241 seeking federal habeas relief from his continued detention by the United States Immigration and Customs Enforcement (ICE). Because the petition states cognizable grounds for federal habeas relief, a response from respondents is warranted.

**BACKGROUND**

The following facts come from the petition. Petitioner, a noncitizen, is currently detained at the Mesa Verde Detention Center in Bakersfield. Petitioner was born in Laos and entered the United States in 1980 as a refugee, becoming a lawful permanent resident in 1982. He was convicted of first degree murder and second degree burglary in 1996. He was detained by ICE on or around June 28, 2023 and has remained in ICE custody since that date. He was ordered removed on July 12, 2023 and did not appeal the order. He has cooperated with ICE's efforts to deport him to Laos, but removal is unlikely because Laos does not have a repatriation agreement with the United States. He challenges his continued detention as in violation of 8 U.S.C. § 1231(a)(6).

**DISCUSSION**

District courts have habeas jurisdiction pursuant to 28 U.S.C. § 2241 to hear statutory and constitutional challenges to post-removal-period immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Courts shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

Petitioner's challenge to his continued detention does not appear to be without merit. Section 1231(a)(6) "does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689. "[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute" and should condition release "on any of the various forms of supervised release that are appropriate in the circumstances." *Id.* at 699-700. Post-removal detention is presumptively constitutional for six months. *Id.* at 701. After six months, if the non-citizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Petitioner has provided good reason, and the Government must therefore respond.

## CONCLUSION

1. The Clerk shall serve a copy of this order, the petition, and all attachments thereto on respondents and respondents' counsel. The Clerk shall also send a copy of the petition to the Attorney General of the United States in Washington, DC, and to petitioner.

2. Respondent shall file with this Court and serve upon petitioner, within **sixty (60) days** of the issuance of this Order, an answer an answer responding to the allegation of the petition and showing cause why a writ of habeas corpus should not be issued. Respondents shall file with the answer a copy of all documents that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on respondent within **sixty (60) days** of his receipt of the Answer. Should petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty (60) days** after the date petitioner is served with respondent's Answer.

4. Respondent may file with this Court and serve upon petitioner, within **sixty (60) days** of

the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition to the motion within **sixty (60) days** of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within **fourteen (14) days** of receipt of any opposition.

5. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

7. The Court notes that the filing fee has been paid.

**IT IS SO ORDERED.**

Dated: January 8, 2024

TRINA L. THOMPSON
United States District Judge